[Cite as *State v. Graves*, 2023-Ohio-84.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111348 |
| v. | : | |
| KENNETH B. GRAVES, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 12, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660269-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Debora Brewer, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Kenneth Bernard Graves ("Graves") appeals the trial court's imposition of an indefinite sentence pursuant to Am.Sub.S.B. 201, the

Reagan Tokes Law ("Reagan Tokes"). For the reasons set forth below, we affirm Graves' sentence.

## Procedural and Factual History[1]

{¶ 2} On February 17, 2022, pursuant to a plea agreement with the state of Ohio (the "State"), Graves pled guilty to rape in violation of R.C. 2907.02(A)(2), a first-degree felony; attempted murder in violation of R.C. 2923.02 and 2903.02(A), a first-degree felony; kidnapping in violation of R.C. 2905.01(A)(1), felonious assault in violation of R.C. 2903.11(A)(1); and gross sexual imposition in violation of R.C. 2905.07(A)(1), a fourth-degree felony. Three of the four counts to which Graves entered guilty pleas are qualified offenses under the Reagan Tokes Law.[2]

{¶ 3} After Graves entered his guilty pleas, the trial court immediately proceeded to sentencing. At the onset of the hearing, the State summarized the facts supporting Graves' convictions as follows:

> Your Honor, the victim in this case, * * * was a social worker, she was 55 years old. And it so happened that on Friday, June 4th of 2021, she was called to Mr. Graves' apartment because he was reported as being suicidal and she was instructed to perform a wellness check on him in his apartment unit, which was located at East 55th Street in Cleveland.
>
> When she went to his unit, Mr. Graves answered the door and almost immediately retreated deeper into his apartment unit, which forced [her] to follow him in and she tried to talk to him about what was going on and why he was suicidal that particular day.

---

[1] The appeal stems from a negotiated guilty plea, and Graves' sole challenge is to the constitutionality of the sentence imposed pursuant Reagan Tokes. Therefore, we will not render a detailed recitation of the underlying facts.

[2] Under the Reagan Tokes Law, qualifying first- and second-degree felonies committed on or after March 22, 2019, are subject to the imposition of indefinite sentences.

Quickly thereafter, Mr. Graves went to his kitchen and grabbed a paring knife and began, he approached [her], held that knife to her stomach, and grabbed her around the neck, placed the knife on her stomach, she still has a scar from superficial contact with the knife, and he threw her to the ground. He then proceeded to get on top of her, put his hand over her nose and mouth, and then punched her in the face.

She tried to protect her face and held her hand over her face. So in the course of this assault, Your Honor, her hand was significantly damaged. She is still awaiting surgery on her thumb. She has sustained injury to her carotid arteries and reports that she will have to take a blood thinner for the remainder of her life because her risk of stroke is higher now.

She suffered a broken occipital bone and other eye damage. And that's just the physical assault, Your Honor, distinct from the sexual assault that occurred as well, in which the Defendant raped her digitally and then orally.

After he was done sexually assaulting her, he saw how badly her eye was damaged and he gave her a pair of sunglasses, told her to wear the glasses and to keep this between the two of them, kissed her on the cheek and finally allowed her to leave his apartment.

{¶ 4} Relevant to this appeal, the trial court imposed indefinite consecutive sentences of 11 years for rape in Count 1, and four years for attempted murder in Count 3. The trial court advised Graves that the 15-year sentence could become 20 years and six months under the Reagan Tokes Law.

{¶ 5} Graves now appeals and assigns the following sole error for review:

**<u>Assignment of Error</u>**

As amended by the Reagan Tokes Act, the Revised Code's sentences for first-and second-degree qualifying felonies violate the Constitutions of the United States and the State of Ohio.

## Law and Analysis

**{¶ 6}** In the sole assignment of error, Graves argues that his indefinite sentence imposed pursuant to the Reagan Tokes Law is unconstitutional because it violates the right to trial by jury, the separation-of-powers doctrine, and the right to due process.

**{¶ 7}** However, we need not dwell on the arguments presented. The Ohio Supreme Court held in *State v. Maddox*, 168 Ohio St.3d 292, 2022-Ohio-764, 198 N.E.3d 797, that constitutional challenges to the Reagan Tokes Act are ripe for review. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), the challenges Graves advanced against the constitutional validity of the Reagan Tokes Law have been overruled. *Id*. at ¶ 17-54. Because Graves does not advance any novel argument left unaddressed by *Delvallie*, we find the constitutional challenges presented herein are without merit.

**{¶ 8}** Accordingly, we overrule the sole assignment of error.

**{¶ 9}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.